722 S.E.2d 800

**In the Matter of William G. MAYER, Respondent.**

**No. 27093.**

Supreme Court of South Carolina.

Submitted Jan. 17, 2012.

Decided Feb. 15, 2012.

Lesley M. Coggiola, Disciplinary Counsel, and Barbara M. Seymour, Deputy Disciplinary Counsel, both of Columbia, for Office of Disciplinary Counsel.

William G. Mayer, of the Mayer Law Firm, LLC, of Laurens, pro se.

PER CURIAM.

The Office of Disciplinary Counsel (ODC) and respondent have entered into an Agreement for Discipline by Consent pursuant to Rule 21, RLDE, Rule 413, SCACR, in which respondent admits misconduct and agrees to the imposition of either an admonition or public reprimand with the following conditions: 1) completion of the Ethics School and Trust Account School portions of the Legal Ethics and Practice Program within six (6) months of the imposition of discipline and 2) payment of costs incurred by ODC and the Commission on Lawyer Conduct (the Commission) in the investigation and prosecution of this matter within sixty (60) days of the imposition of discipline. We accept the agreement, issue a public reprimand, and order respondent to comply with the two conditions set forth above.

The facts, as set forth in the Agreement, are as follows.

### FACTS

#### Matter I

Respondent represented Client A's husband from July through October 2002. Client A's husband subsequently passed away.

Thereafter, respondent represented Client A in a criminal matter from March through July 2003. Respondent had a sexual relationship with Client A from late fall of 2003 through early spring 2004. He represented Client A again in a domestic action involving her children from June 2006 through February 2007.

Although respondent had no active cases with Client A while he was engaged in the sexual relationship, he did from time to time give her legal advice on a variety of matters. The Rules of Professional Conduct did not specifically identify a sexual relationship with a client as a conflict of interest until after respondent's sexual relationship with Client A ended;[1] however, respondent acknowledges that his conduct was prohibited by Rule 1.7, RPC, Rule 407, SCACR.

## Matter II

Respondent's wife is a lawyer. Respondent's wife represented Client B in a personal injury case and obtained a settlement on Client B's behalf.

Respondent had a personal relationship with Client B. Client B asked respondent to act as trustee of her funds. Client B had an independent attorney draft a trust agreement naming respondent as trustee.

Respondent's wife issued a series of checks payable to respondent on behalf of Client B totaling $17,600.00. Respondent did not consider his relationship with Client B to be attorney-client, but more like family; however, he acknowledges that, at a minimum, he had a fiduciary relationship with Client B and that he was bound by the Rules of Professional Conduct regarding the safekeeping of funds.

Respondent did not place Client B's funds in a trust account but, rather, negotiated the checks to cash and kept the cash in his office safe. Respondent represents he cashed the checks at Client B's request because she liked to come into the office and view the money.

Respondent used the funds to provide Client B with food, clothing, an apartment, and other personal necessities. Respondent did not maintain contemporaneous records of his

---

1. *See* Rule 1.8(m), RPC.

disbursement of funds to and on behalf of Client B. Further, respondent admits that some of the payments were from his law firm operating account, rather than cash from the safe. Although respondent has demonstrated that he made payments to or on behalf of Client B equal to the amount of funds received on her behalf and that no funds were missing, he admits he did not comply with the requirements of Rule 417, SCACR.

In addition, respondent admits he loaned money to Client B. Although he charged no fees or interest or other consideration for the loan, he acknowledges it was improper for him to provide financial assistance to a client.

### *LAW*

Respondent admits that, by his misconduct, he has violated the following Rules of Professional Conduct, Rule 407, SCACR: Rule 1.7 (lawyer shall not represent client if the representation involves a concurrent conflict of interest; concurrent conflict of interest exists if there is significant risk that the representation of client will be materially limited by personal interest of lawyer); Rule 1.8(e) (lawyer shall not provide financial assistance to client); and Rule 1.15(a) (lawyer shall maintain client funds in an account; lawyer shall maintain client funds separately from lawyer's personal funds). Respondent further admits he failed to comply with the financial recordkeeping provisions of Rule 417, SCACR. Respondent acknowledges that his misconduct constitutes grounds for discipline under the Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR, specifically Rule 7(a)(1) (it shall be ground for discipline for lawyer to violate Rules of Professional Conduct) and Rule 7(a)(5) (it shall be ground for discipline for lawyer to engage in conduct tending to pollute the administration of justice or to bring the courts or the legal profession into disrepute or conduct demonstrating an unfitness to practice law).

### *CONCLUSION*

We find that respondent's misconduct warrants a public reprimand with conditions. Accordingly, we accept the Agreement for Discipline by Consent and publicly reprimand re-

spondent for his misconduct. Respondent shall 1) complete the Ethics School and Trust Account School portions of the Legal Ethics and Practice Program within six (6) months of the date of this order and 2) pay the costs incurred by ODC and the Commission in the investigation and prosecution of this matter within sixty (60) days of the date of this order.

**PUBLIC REPRIMAND.**

TOAL, C.J., PLEICONES, BEATTY, KITTREDGE and HEARN, JJ., concur.